UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRELL JHERON MCGOWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1135** |
| **JEFFERSON PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION "H" (4)** |

## ORDER AND REASONS

Plaintiff Jerrell Jheron McGown ("McGown") filed a **Motion to Appoint Counsel (ECF No. 6)** to assist him in this *in forma pauperis* civil rights action under 42 U.S.C. § 1983, challenging alleged constitutional violations that took place during his arrest and the conditions of his confinement. McGown states that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, and that he has made repeated efforts to obtain counsel. ECF No. 6 at 1-2.

Section 3(d) of the April 22, 2014 Resolution of the En Banc Court (permanently adopted on October 5, 2016) provides: "In cases filed by prisoners, counsel may not be appointed from the Panel until the Magistrate Judge has determined that the case should proceed beyond the screening process required in 28 U.S.C. § 1915A." The court is currently conducting its statutory frivolousness review of McGown's complaint pursuant to 28 U.S.C. § 1915A, § 1915(e)(2), and 42 U.S.C. § 1997e(c), as applicable. Only after completion of the required screening process will this court be in a position to assess whether "exceptional circumstances"[1] exist to warrant

---

[1] There is no automatic right to appointment of counsel in a civil rights case so the court may not appoint counsel as a matter of course or ordinary practice. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citing *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir.2001)); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Castro v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001). Rather, in civil rights cases, counsel should be appointed only upon a showing of "exceptional circumstances" based on a consideration of the type and complexity if the case, the litigant's ability to investigate and present the case adequately, and the level of skill required to present the evidence. *Norton v. DiMazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.

appointment of counsel in this proceeding. Therefore, at this time, McGown's request for appointment of counsel is premature.

Accordingly,

**IT IS ORDERED** that plaintiff Jerrell Jheron McGown's **Motion to Appoint Counsel (ECF No. 6)** is **DENIED** without prejudice to his right to re-urge his request after completion of the statutorily mandated screening review.

New Orleans, Louisiana, this 12th day of January, 2026.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

1982); *Romero*, 486 F.3d at 354; *see also Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). In addition, the court should consider whether appointment would be a service to the court and all parties in the case by "sharpening the issues . . . ., shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Ulmer*, 691 F.2d at 213.